UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **CATHERINE M. BERNARD** | **CIVIL ACTION** |
| **VERSES** | **NO. 14-887** |
| **JOSEPH GREFER, ET AL.** | **SECTION "L" (2)** |

## ORDER & REASONS

Before the Court is Defendant Mobil Exploration & Producing Southeast Inc.'s ("MOEPSI") Motion to Dismiss pursuant to Rules 12(b)(4) and 12(b)(5). (Rec. Doc. 82). Therein, MOEPSI re-urges its earlier Motion to Dismiss. (Rec. Doc. 52). Having considered the applicable law and the parties' briefs, the Court now issues this order and reasons.

### I. BACKGROUND

This case arises out of alleged personal injuries and property damages that resulted from alleged exposure to naturally occurring radioactive material ("NORM"), also known as technologically enhanced radioactive materials ("TERM"), as part of oil operations by various pipe-cleaning defendants. In addition to the pipe-cleaning defendants, Plaintiffs name landowners who owned the land upon which the pipe-cleaning operations were conducted and oil companies as defendants. The Petition asserts claims by approximately 465 Plaintiffs, and they originally filed their claims in the Civil District of Orleans Parish on March 5, 2014. Defendant Transco Exploration Co. removed the case to this Court pursuant to the Class Action Fairness Act. (Rec. Doc. 1). Defendant MOEPSI is named in the original complaint.

### II. PRESENT MOTIONS

MOEPSI filed its first Motion to Dismiss pursuant to rules 12(b)(4) and 12(b)(5) on September 22, 2014. (Rec. Doc. 52). Subsequent to that Motion, Plaintiffs ultimately filed an

amended complaint on December 23, 2014. (Rec. Doc. 76). After Plaintiffs filed their amended complaint, MOEPSI re-urged its Motion to Dismiss. (Rec. Doc. 82). MOEPSI states that it was never served with the original petition, despite the fact that Plainitiffs named them as a defendant therein. Rather, Plaintiffs served Mobil Exploration & Producing U.S., Inc ("MEPUS"), a related but separate corporate entity not named as a defendant in this matter. After filing their amended complaint, Plaintiffs again sought service on MEPUS.  MOEPSI avers that it should be dismissed from this action, as it has not been properly served.

Plaintiffs respond by leave of court, arguing that their action should be maintained, as MOEPSI has failed to show any prejudice created by the defects in service. They argue that because the defect is minor, MOEPSI's motion should be denied.

### III.   LAW & ANALYSIS

Federal Rules of Civil Procedure 12(b)(4) and 12(b)(5) both challenge the sufficiency of service of the summons and complaint. Rule 12(b)(4) challenges the form of the process and the contents of the summons, specifically its noncompliance with Rule 4(b). *Gartin v. Pharmaceutical Companies, Inc.*, 289 Fed. Appx. 688, fn. 3 (5th Cir. 2008) (citing Charles Alan Wright and Arthur R. Miller, 5B Fed. Prac. & Proc. Civ. § 1353 (3d ed.)).  Rule 12(b)(5) motions challenge the mode of delivery or the lack of delivery, including situations where the service is delivered to an individual who is not an agent of the defendant and is not authorized to receive service on his behalf. *Id*. Where, as here, the Defendant challenges the service on the grounds that the defendant is misnamed in the summons, it is proper to consider the motion under both Rule 12(b)(4) and Rule 12(b)(5). Charles Alan Wright and Arthur R. Miller, 5B Fed. Prac. & Proc. Civ. § 1353 (3d ed.). Here, service is deficient pursuant to Rule 12(b)(4), as the party named in the summons is not the party named as defendant. Process is also deficient pursuant to

Rule 12(b)(5), as it was served on MEPUS, who is not the agent of the Defendant MOEPSI and is not authorized to receive service on its behalf. Delivery was therefore not properly made.

Defendants have requested dismissal with prejudice; however, dismissal is only appropriate where the defect in service is prejudicial to the defendant. *Louisiana Acorn Fair Hous. v. Quarter House,* 952 F. Supp. 352 (E.D. La. 1997) (Africk, J.). Even then, such dismissal is typically without prejudice. *U.S. Fire Ins. Co. v. Miller*, No. 02-1828, 2002 WL 31886812, at *2 (E.D. La. Dec. 18, 2002) (Vance, J.). Here, Defendants have offered no evidence that they are prejudiced by the service defects in this case. Indeed, it is apparent that MOPESI has received actual notice of this suit. Dismissal is therefore inappropriate.

Where it appears that there is a reasonable prospect that a plaintiff will ultimately be able to properly serve a defendant, the appropriate course of action is to quash service in lieu of dismissing the case. *Thomas v. New Leaders for New* Schools, 278 F.R.D. 347, 352. (E.D. La. 2011)(Africk, J.). As MOPESI and MEPUS are related corporations, it is likely that Plaintiffs will be able to properly serve MOEPSI. Where dismissal is inappropriate, "[t]he Court has the power to construe a motion to dismiss pursuant to Rule 12(b)(5) as a motion to quash service." *Id.* The court will therefore construe the motion as a motion to quash the service issued to MEPUS. Consequently, because there appears to be a reasonable possibility that Plaintiffs will be able to successfully serve MOEPSI, the court will quash service and provide the Plaintiffs 10 days within which to serve MOEPSI.

## IV.    CONCLUSION

For the forgoing reasons, **IT IS ORDERED** that Plaintiffs shall properly serve MOEPSI with the complaint and summons in this matter, or obtain a waiver of service, no later than March 27, 2015. If the Plaintiffs fail to do so, the Court will dismiss the action against MOEPSI.

New Orleans, Louisiana this 17th day of March, 2015.

_____
UNITED STATES DISTRICT JUDGE