UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

CATHERINE M. BERNARD, ET. AL.                    CIVIL ACTION

VERSES                                           NO. 14-887

JOSEPH GREFER, ET AL.                            SECTION "L" (2)

## ORDER & REASONS

Before the Court is Defendant Mobil Exploration & Producing Southeast Inc.'s ("MOEPSI") Motion to Dismiss pursuant to Rule 12(b)(5). (Rec. Doc. 115). Therein, MOEPSI re-urges its earlier Motions to Dismiss. (Rec. Doc. 52 & 82). Having considered the applicable law and the parties' briefs, the Court now issues this order and reasons.

I.      BACKGROUND

This case arises out of alleged personal injuries and property damages that resulted from alleged exposure to naturally occurring radioactive material ("NORM"), also known as technologically enhanced radioactive materials ("TERM"), as part of oil operations by various pipe-cleaning defendants.  In addition to the pipe-cleaning defendants, Plaintiffs name landowners who owned the land upon which the pipe-cleaning operations were conducted and oil companies as defendants.  The Petition asserts claims by approximately 465 Plaintiffs, and they originally filed their claims in the Civil District of Orleans Parish on March 5, 2014. Defendant Transco Exploration Co. removed the case to this Court pursuant to the Class Action Fairness Act.  (Rec. Doc. 1). Defendant MOEPSI is named in the original complaint.

MOEPSI filed its first Motion to Dismiss pursuant to rules 12(b)(4) and 12(b)(5) on September 22, 2014. (Rec. Doc. 52).  Plaintiffs failed to oppose that motion, and the Court noted this failure during a telephone status conference on November 3, 2014.  Subsequent to that

Motion, Plaintiffs ultimately filed an amended complaint on December 23, 2014. (Rec. Doc. 76). After Plaintiffs filed their amended complaint, MOEPSI re-urged its Motion to Dismiss. (Rec. Doc. 82). In that motion, MOEPSI stated that it was never served with the original petition, despite the fact that Plaintiffs named them as a defendant therein. Rather, Plaintiffs served Mobil Exploration & Producing U.S., Inc ("MEPUS"), a related but separate corporate entity not named as a defendant in this matter. After filing their amended complaint, Plaintiffs again sought service on MEPUS. MOEPSI averred that it should be dismissed from this action, as it had not been properly served.

Plaintiffs again failed to respond to MOEPSI's motion. The Court thus ordered the Plaintiffs to show cause why the Court should not grant Defendant's unopposed motion and dismiss Plaintiffs' claims against MOEPSI for a failure to prosecute under rule 41(b). (Rec. Doc. 84). The Court gave Plaintiffs until February 19, 2015 to respond, and Plaintiffs responded on that final day. In their response, Plaintiffs explained that one of their three attorneys had been ill and had been unable to timely oppose the motion. (Rec. Doc. 88). Plaintiffs also stressed that MOEPSI would suffer minimal prejudice if the Court afforded Plaintiffs the opportunity to effectuate proper service, as MOEPSI has known about this litigation from its inception. (Rec. Doc. 88).

The Court ordered Plaintiffs to file an opposition to MOEPSI's second Motion to Dismiss on or before March 6, 2015 or the Court would dismiss Plaintiffs' claims against MOEPSI for a failure to prosecute under rule 41(b). Plaintiffs responded by leave of court, arguing that their action should be maintained because MOEPSI had failed to show any prejudice created by the defective service. Plaintiffs argued that because the defect was minor, MOEPSI's motion should be denied.

On March 17, 2015 the Court ordered Plaintiffs to properly serve MOEPSI with the complaint and summons, or to obtain a waiver of service, no later than March 27, 2015. If Plaintiffs failed to effectuate proper service by this date, the Court stated that it would dismiss the action against MOEPSI.

## II.     PRESENT MOTION (REC. DOC. 115)

This motion signifies MOEPSI's *third* motion to dismiss for Plaintiffs' failure to effectuate proper service. MOEPSI argues that Plaintiffs have failed to properly serve MOEPSI under Federal Rule of Procedure 4. (Rec. Doc. 115-1 at 4). MOEPSI contends that Article 1261 of the Louisiana Code of Civil Procedure governs service in the instant case. (Rec. Doc. 115-1 at 5). MOEPSI maintains that Plaintiffs failed to effectuate proper service under Article 1261 because Plaintiffs merely requested service on MOEPSI through the Louisiana Secretary of State. (Rec. Doc. 115-1 at 5). MOEPSI avers that a party can only serve a defendant through the Louisiana Secretary of State after the parties "certify[ies] that he is unable, after a diligent effort, to have service made as provided in Article 1261 of the Louisiana Code of Civil Procedure," and Plaintiffs failed to provide such certification. (Rec. Doc. 115-1 at 5). MOEPSI further argues that Plaintiffs' proof of service filed in the record is deficient. (Rec. Doc. 115-1 at 6).

Plaintiffs did not oppose the motion.

## III.    LAW & ANALYSIS

### A.    Dismissal Pursuant to Rule 41(b)

A district court may dismiss an action for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b):

> If the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it. Unless the dismissal order states otherwise, a dismissal under this subdivision (b) ... operates as an adjudication on the merits.

Fed.R.Civ.P. 41(b).  The power to dismiss is an inherent power of the court. *Ford v. Sharp,* 758 F.2d 1018, 1021 (5th Cir.1985); *Rogers v. Kroger,* 669 F.2d 317, 319–20 (5th Cir.1982).  A dismissal with prejudice for failure to prosecute operates as an adjudication on the merits, and it is reversible only when a court has abused its discretion. *Colle v. Brazos County,* 981 F.2d 237, 242 (5th Cir.1993); *Ramsey v. Bailey,* 531 F.2d 706, 707 (5th Cir.1976).  In the Fifth Circuit, a dismissal with prejudice will only be affirmed if there is a " 'clear record of delay or contumacious conduct by the plaintiff,' ..., and where lesser sanctions would not serve the best interests of justice." *Bryson v. State Farm Fire & Cas. Ins. Co.,* Civ. A. No. 09–554, 2011 WL 1557949, *2 (E.D.La. Mar. 18, 2011); *Rogers,* 669 F.2d at 320 (quoting *Pond v. Braniff Airways, Inc.,* 453 F.2d 347, 349 (5th Cir.1972)).  In determining the propriety of a dismissal with prejudice for failure to prosecute, the Fifth Circuit also considers whether any of the following aggravating factors exist: (1) the extent to which the plaintiff (as distinguished from his counsel) was personally responsible for the delay, (2) the degree of actual prejudice to the defendant, and (3) whether the delay was the result of intentional conduct.  *Bryson,* 2011 WL 1557949, *2; *McNeal v. Papasan,* 842 F.2d 787, 790 (5th Cir.1988); *Ford,* 758 F.2d at 1021; *Rogers,* 669 F.2d at 320.  Dismissals with prejudice that have been affirmed on appeal "illustrate that such a sanction is reserved for the most egregious of cases, usually cases where the requisite factors of clear delay and ineffective lesser sanctions are bolstered by the presence of at least one of the aggravating factors." *Rogers,* 669 F.2d at 320 (footnotes omitted); *see also Markwell v. County of Bexar,* 878 F.2d 899, 902 (5th Cir.1989) ("A dismissal with prejudice for failure to prosecute is an extreme sanction which is to be used only when the plaintiff's conduct has threatened the integrity of the judicial process [in a way which leaves] the court no choice but to deny that plaintiff its benefits.") (internal quotation marks and citations omitted) (alteration in original)).

4

The record compels the Court to find that Plaintiffs' failure to respond to MOEPSI's motions and to properly serve MOEPSI signifies a clear record of contumacious conduct by Plaintiffs. Plaintiffs have been on notice of their failure to effectuate proper service on MOEPSI since September 22, 2014, and although eight months have lapsed since that date, Plaintiffs have yet to properly serve MOEPSI. *See infra discussion*. Moreover, Plaintiffs have failed to respond to MOEPSI's three motions regarding service, only responding after the Court specifically ordered Plaintiffs to show cause why they had failed to respond to the second motion. Plaintiffs have, however, responded to Defendants' other filings, including Defendants' opposition to Plaintiffs' Motion to Enforce the Settlement Agreement and Motion for Reconsideration. It is therefore evident that Plaintiffs have deliberately chosen not to respond to these Motions to Dismiss and to not properly serve MOEPSI. Such deliberate action signifies an aggravating factor and therefore leads this Court to conclude that a dismissal with prejudice of Plaintiffs' claims against MOEPSI is proper.

The Court is further persuaded by the fact that the Court has tried other approaches to encourage responses to MOEPSI's motions and proper service on MOEPSI, but these overtures were unsuccessful. These attempts included (1) emphasizing Plaintiffs' failure to oppose MOEPSI's initial Motion to Dismiss during the November 3, 2014 telephone conference; (2) calling Plaintiffs' counsel and asking if they intended to oppose MOEPSI's second Motion to Dismiss after failing to timely oppose that motion; (3) issuing a rule to show cause why MOEPSI's  second Motion to Dismiss should not be granted; (4) affording Plaintiffs the opportunity to oppose the second Motion to Dismiss after receiving Plaintiffs' response to the rule to show cause; (5) construing the second Motion to Dismiss as a motion to quash service and giving Plaintiffs additional time to serve MOEPSI. Despite the Court's extensive efforts

spanning over six months, Plaintiffs have not properly served MOEPSI and chose not to respond to MOEPSI's third Motion to Dismiss regarding service.

Finally, the Court specified in its Order & Reasons dated March 17, 2015 that it would dismiss Plaintiffs' claims against MOEPSI if Plaintiffs did not serve MOEPSI on or before March 27, 2015.   Plaintiff failed to execute service by this date, and when MOEPSI filed a motion highlighting this deficient service, Plaintiffs chose not to respond.  Plaintiffs' course of action therefore signals to the Court that lesser sanctions would have no effect, and dismissal with prejudice is appropriate.

### B.        Dismissal Pursuant to Rule 12(b)(5)

Even if the Court did not dismiss Plaintiffs' claims against MOEPSI for a failure to prosecute pursuant to Rule 41(b), the Court would grant MOEPSI's unopposed motion to dismiss pursuant to Rule 12(b)(5) on the merits.  Pursuant to Federal Rule of Civil Procedure 4(h), a party can serve a corporation by either following state law service of process rules, pursuant to Federal Rule of Civil Procedure 4(e), or "by delivering a copy of the summons and of the complaint to an officer, a managing or general agent, or any other agent authorized by appointment or by law to receive service of process and—and if the agent is one authorized by statute and the statute so requires—by also mailing a copy of each to the defendant."  Fed. R. Civ. Proc. 4(h)(1)(B).  Here, Plaintiffs sought service on MOEPSI through the Louisiana Secretary of State, a procedure not explicitly authorized by Federal Rule of Civil Procedure 4(h), so the Court must look to the Louisiana service of process rules.

Article 1261 of the Louisiana Code for Civil Procedure outlines the procedure for service on a domestic or foreign corporation and states:

    A.  Service of citation or other process on a domestic or foreign corporation is made by personal service on any one of its agents for service of process.

    B.  If the corporation has failed to designate an agent for service of process, if there is no registered agent by reason of death, resignation, or removal, or if the person attempting to make service certifies that he is unable, after due diligence, to serve the designated agent, service of the citation or other process may be made by any of the following methods:

        (1) By personal service on any officer, or director, or on any person named as such in the last report filed with the secretary of state.

        (2) By personal service on any employee of suitable age and discretion at any place where the business of the corporation is regularly conducted.

        (3) By service of process under the provisions of R.S. 13:3204, if the corporation is subject to the provisions of R.S. 13:3201.

La. Code Civ. Proc. art. 1261.  Article 1262 provides the procedure for service on the Secretary of State but specifies such service is only available after diligent effort is made to effectuate service as outlined in Article 1261.  La Code Civ. Proc. art. 1262.  Specifically, Article 1262 states:

    If the officer making service certifies that he is unable, after diligent effort, to have service made as provided in Article 1261, then the service may be made personally on the secretary of state, or on a person in his office designated to receive service of process on corporations. The secretary of state shall forward this citation to the corporation at its last known address.

La. Code Civ. Proc. art. 1262.  Pursuant to this clear language, Louisiana courts have required "diligent" efforts to serve a designated agent before a plaintiff may afford himself the alternate methods of service provided in Articles 1261 and 1262.  *Gerhardt's, Inc. v. American Diesel Equipment, Inc.,* 569 So.2d 80, 81 (La.Ct.App.1990); *Scott Fence Indus., Inc. v. Neuenhaus,* 490

So.2d 1132, 1134 (La.Ct.App.1986); *Colonial Buick, Inc. v. Crescent Chem. Sales, Inc.,* 240 So.2d 567, 568 (La.Ct.App.1970). *See also Russo v. Master P*, No. 02-3303, 2005 WL 757351, at *3 (E.D. La. March 30, 2005) (Berrigan, J.) (finding that plaintiff did not have authority to personally serve the Secretary of State pursuant to Article 1262 without certification of a diligent effort to personally serve the defendant's agent).

Here, Plaintiffs merely requested service on MOEPSI through the Louisiana Secretary of State but failed to certify that they were unable, after diligent effort, to serve MOEPSI as outlined in Article 1261.  Indeed, there is *no* indication that Plaintiffs attempted to serve MOEPSI's Louisiana registered agent for service of process as required by Article 1261. Plaintiffs' action therefore signifies deficient service under Louisiana Law, and Plaintiffs have therefore not served MOEPSI.

Rule 12(b)(5) motions challenge the mode of delivery or the lack of delivery and is the proper vehicle to dismiss a claim for deficient service of process.   MOEPSI has requested dismissal with prejudice; however, dismissal is only appropriate where the defect in service is prejudicial to the defendant. *Louisiana Acorn Fair Hous. v. Quarter House,* 952 F. Supp. 352 (E.D. La. 1997) (Africk, J.).  Even then, such dismissal is typically without prejudice. *U.S. Fire Ins. Co. v. Miller*, No. 02-1828, 2002 WL 31886812, at *2 (E.D. La. Dec. 18, 2002) (Vance, J.). In the Court's Order & Reasons for MOEPSI's prior motion to dismiss (Rec. Doc. 103), the Court found that MOEPSI had not demonstrated sufficient prejudice.  The Court reaches a different conclusion in this instance.  MOEPSI has attempted to compel Plaintiffs to effectuate proper service for the past nine months, expending time and resources on these undertakings, and Plaintiffs have made *no* effort to timely respond to MOEPSI's motions or to properly serve MOEPSI.  It is prejudicial to keep MOEPSI in this limbo period, especially when Plaintiffs have

8

been afforded many opportunities to remedy their deficient service.  The Court thus finds that the defective service is prejudicial to MOEPSI and dismissal pursuant to Rule 12(b)(5) is appropriate.[1]

## IV.     CONCLUSION

For the forgoing reasons, **IT IS ORDERED** that MOEPSI's Motion to Dismiss pursuant to Rule 12(b)(5) (Rec. Doc. 115) is **GRANTED**.  Plaintiffs' claims against MOEPSI are hereby **DISMISSED WITH PREJUDICE**.

New Orleans, Louisiana this 29th day of May, 2015.

UNITED STATES DISTRICT JUDGE

---

[1] The Court agrees with MOEPSI that Plaintiffs' Proof of Service is deficient but does not feel the need to delve into that argument given that dismissal is warranted pursuant to Rule 41(b) and Rule 12(b)(5) for the reasons already stated.